WARD et al., Respondents, v. DAKOTA TELEPHONE AND
        ELECTRIC COMPANY et al., Defendants.

(210 N. W. 513.)

(File Nos. 4961 and 5005.   Opinion filed October 22, 1926.)

**Corporations.**

> Pledgee of stock of two corporations, all of whose properties were converted, held entitled to recover value of his interest in properties or that proportion of value of whole property of each as pledged stock bore to total stock outstanding in each company.

---

Note.—See, Headnote, American Key-Numbered Digest, Corporations, Key-No. 123(10), 14 C. J. Sec. 1125 (Anno.).

Gates, P. J., and Sherwood, J., dissenting.

On petitions for rehearing. Remanded with directions, and rehearing denied.

For former opinion, see 49 S. D. 135, 206 N. W. 695.

Orvis & French, of Yankton, H. E. Judge, of Sioux Falls, and Null & Royhl, of Huron, for Appellants.

Gardner & Churchill, of Huron, for Respondent.

POLLEY, J.  This matter is here on petition for rehearing. Separate petitions, one by the Funstons, and one by the Dakota Central Telephone Company, have been filed.  The opinion of the court recently handed down is reported in 49 S. D. 135, 206 N. W. at page 695.

So far as the petition on behalf of the Funstons is concerned, we are satisfied with the opinion as it is; but as to the Dakota Central Telephone Company the opinion does not clearly express the meaning of the court.  It was not the intention of this court to invade the province of the trial court by making a finding of fact.  We do not retract, however, from the statement in the opinion to the effect that the value of the properties of the Dakota Telephone & Electric Company and the Missouri River Telephone Company is "established at not less than $30,000 by a clear preponderance of the evidence."  J. G. Funston, as stated in the opinion, was:

"A trained and educated electrician, with several years' telephone experience, and he had managed the property of the Dakota Telephone & Electric Company and the Missouri River Telephone Company for about seven years prior to the time it was sold in 1914.  He was called as a witness by the Dakota Central Telephone Company, and stated that this property on October 1, 1914, was worth about $30,000.  Mr. Bickelhaupt, the secretary of the Dakota Central Company, as shown by the undisputed evidence, at the stockholders' meeting on September 24, 1914, stated that the property of these two companies should sell for $30,000 or $33,000."

This was the lowest value placed on the properties of both companies, but the value of the properties at the time of sale is not the measure of plaintiff's damage.  While he is entitled to judgment against the Funstons for the full amount of the balance due on the note, he is entitled to judgment against the other defendants for only the amount of the value of his interest in the property converted by them.  The value of his interest was only such part of the whole as the number of shares of the capital stock in each company pledged to him is of the total capital stock outstanding.  Therefore it will be necessary for the trial court to determine the value of the property of each company separately.

The cause is remanded to the trial court, with directions to determine from either the evidence already in the record, or from such further evidence as it may deem necessary, and from such values to determine the amount of plaintiff's judgment in the manner above indicated. A rehearing is denied.

Circuit Judges W. N. SKINNER and W. F. EDDY sitting in lieu of Judges CAMPBELL and DILLON, disqualified.

GATES, P. J., and SHERWOOD, J., are still of the opinion that the judgment should be reversed upon the Funston appeal and affirmed upon the Ward appeal.